UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| CODY LOUIS HOPKINS, | ) | NO. CV-10-5129-LRS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | ) | |
| HENRY BRYCE and WAYNE DUBOIS, | ) | |
| Defendants. | ) | |

On January 24, 2012, Defendants Henry Bryce and Wayne Dubois ("Defendants") filed a motion for summary judgment. (ECF No. 39). Plaintiff, proceeding pro se, has failed to file a response to Defendants' motion for summary judgment. Plaintiff has failed to provide a specific set of facts in opposition to Defendants' motion for summary judgment. Pursuant to Local Rule 56.1(d), the failure to file a statement of specific facts in opposition to a motion for summary judgment allows the Court to assume the facts as claimed by the moving party exist without controversy.

## BACKGROUND

Plaintiff Cody Hopkins sues two Richland Police Department officers, Bryce Henry and Wayne Dubois, for alleged injuries sustained when entering a hospital on July 25, 2010. At that time, Officer Bryce Henry accompanied Hopkins, since Hopkins was under arrest. Hopkins does not identify any causes of action in his second amended complaint.

## FACTS

On April 25, 2010, Benton County emergency dispatch received

ORDER - 1

a call about an altercation with a gun at the Motel 6, located at 1751 Fowler Street, Richland. Richland Police Department officers, Benton County sheriff deputies, and Kennewick Police Department officers responded to the call. One Richland officer responding was Bryce Henry. Richland Police Department Sergeant Wayne Dubois assumed control of the emergency. (Declaration of Bryce Henry; Declaration of Wayne Dubois). After officers secured the area, they arrested suspect Cody Hopkins. Bryce Henry transported Hopkins to the Richland Police Department station, where he was charged with assault and unlawful possession of a firearm. At the station, Officer Henry attended to Hopkins' swollen eye sustained during the melee with the other suspect, Aaron Jacobs. (Declaration of Bryce Henry).

    Officer Henry next transported Cody Hopkins to Kadlec Medical Center for examination of his wounds. Upon arrival at the hospital, the two walked through the automatic emergency room doors as the doors began to close. Officer Henry assumed the doors' detectors would immediately notice their presence and would re-open. Instead the doors continued to close. Cody Hopkins banged his **left** shoulder into one of the glass doors. (Declaration of Bryce Henry).

    Cody Hopkins then threw himself onto the ground and yelled that he pulled his shoulder out of its socket. Bryce Henry tried to assist Hopkins but Hopkins stated his **right** shoulder was injured. Officer Henry did not pull Cody Hopkins' shoulder out of its socket, nor did Henry intentionally cause Hopkins any injury. (Declaration of Bryce Henry). Emergency room physician Dr. Maxwell indicated there was no evidence of a shoulder injury to Hopkins.

ORDER - 2

The medical records confirm no injury.  (Declaration of Bryce Henry). Cody Hopkins has submitted no initial disclosures. (Declaration of George Fearing).

## **SUMMARY JUDGEMENT STANDARD**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  *Id*.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Celotex Corp.*, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id*. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  *Id*. at 323.

ORDER - 3

**DISCUSSION**

Plaintiff has yet to file any response to the motion. On April 2, 2012, Defendants, in response to the Court's Order on March 30, 2012 requesting proof that plaintiff was served with the motion for summary judgment, filed an Affidavit of Mailing (ECF No. 49). Local Rule 7.1(c)provides an opposing party with 30 calendar days after service to serve and file a responsive memorandum. Plaintiff received a "Notice to Pro Se Litigants of the Dismissal and/or Summary Judgment Rule Requirements," ECF No. 44, on January 24, 2012. Plaintiff was required to serve and file a response no later than 30 days after the date the motion was mailed, or February 23, 2012.

Local Rule 7.1(h)(5) states that a failure to timely file a memorandum of points and authorities in opposition to any motion may be considered as consent to the entry of an order adverse to the party in default. Furthermore, plaintiff's failure to file a statement of material facts in opposition to defendant's statement of material facts allows the court to assume the facts as claimed by defendants are admitted to exist without controversy. See Local Rule 56.1(d).

It does not appear that plaintiff can show that injuries were sustained when he entered the hospital on July 25, 2010. Therefore, Defendants' motion for summary judgment is granted.

**CONCLUSION**

For the reasons discussed above, the Court **GRANTS** Defendant's Motion for Summary Judgment. (**ECF No. 39**).

**IT IS SO ORDERED.** The District Court Executive is hereby

ORDER - 4

1  directed to enter judgment in favor of Defendants and against
2  plaintiff; file this Order; provide a copy to counsel for
3  Defendants and pro se plaintiff; and **CLOSE** this file.
4      DATED this 30th day of April, 2012.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 5